<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NOVOTEC PHARMA LLC, | |
| Plaintiff, | |
| v. | Civ. No. 15-1315 |
| GLYCOBIOSCIENCES, INC., | <u>OPINION</u> |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| BIOGLAN AB, | |
| Third-Party Defendant. | |

<u>THOMPSON, U.S.D.J.</u>

**<u>INTRODUCTION</u>**

This matter is before the Court upon the Motion to Dismiss of Third-Party Defendant

Bioglan AB ("Bioglan") (ECF No. 51).  Third-Party Plaintiff Glycobiosciences, Inc. ("Glyco")

opposes.  (ECF No. 59).  The Court has decided the Motion based on the written submissions of

the parties and without oral argument pursuant to Local Civil Rule 78.1(b).  For the reasons

stated herein, Glyco's Motion will be granted, and the Third-Party Complaint ("Complaint") will

be dismissed.

**<u>BACKGROUND</u>**

This case arose out of a pharmaceutical contract dispute between Novotec Pharma LLC

("Novotec"), a New Jersey limited liability company, and Glyco, a Canadian corporation in

1

Ontario.  Since this case has an extensive history, the Court will only recount those facts relevant

to the present motion.

In November 2014, Novotec and Glyco entered into an agreement for Novotec to be the

U.S. distributor for a wound gel that Glyco had developed.  To fulfill this agreement, Glyco

needed to hire a manufacturer to produce its wound gel.

Bioglan is a manufacturer based in Sweden.  Glyco and Bioglan started talking in early

2014 about Bioglan possibly manufacturing Glyco's wound gel.  The exact nature of the multiple

agreements that Bioglan and Glyco ultimately entered into are in dispute.  In its Complaint

against Bioglan, Glyco alleges that "the intent" of at least one their agreements was that Bioglan

would manufacture the wound gel for Glyco on a long-term basis.  (Pl.'s Compl. ¶ 10, ECF No.

32).  Bioglan did produce batches of wound gel for Glyco, but after Glyco did not pay Bioglan's

invoices on time, Bioglan terminated their relationship on December 17, 2014.  (Letter to Glyco,

Def.'s Ex. 11).

On December 30, 2014 Novotec sent Glyco a letter terminating their relationship.  (ECF

No. 60-22).  The letter cites multiple reasons for the termination, including Glyco's failed

business relationships with Bioglan and another manufacturer.  Novotec claims that after the

letter was sent, Glyco contacted the New Jersey Board of Pharmacy in an attempt to interfere

with Novotec's license.  (ECF No. 1 ¶ 63).  On February 20, 2015, Novotec filed a complaint

against Glyco in this Court alleging breach of contract, commercial disparagement, and tortious

interference.  (ECF No. 1).  Glyco filed a motion to dismiss, asserting a lack of personal

jurisdiction and *forum non conveniens*.  (ECF No. 13).  This motion was denied.  (ECF No. 29).

Glyco then filed a third-party complaint against Bioglan, the Complaint at issue in this Motion.

(ECF No. 32).  Glyco brings claims of tortious interference, breach of contract, fraudulent

inducement, and breach of the implied covenant of good faith and fair dealing.  Bioglan moved

to dismiss the Complaint based on lack of personal jurisdiction, failure to comply with Rule 14

of the Federal Rules of Civil Procedure, and failure to state a claim upon which relief may be

granted.  (ECF No. 51).  This Motion is presently before the Court.

## LEGAL STANDARD

A party may move to dismiss a complaint for lack of personal jurisdiction over that party

under Federal Rule of Civil Procedure 12(b)(2).  A court may exercise personal jurisdiction over

a party either through general jurisdiction or specific jurisdiction.  *Remnick v. Manfredy*, 238

F.3d 248, 255 (3d Cir. 2001).  A court has general jurisdiction over a party, meaning that it may

"hear any and all claims against [that party] when their affiliations with the State are so

'continuous and systematic' as to render them essentially at home in the forum State."  *Goodyear*

*Dunlop Tires Operations v. Brown*, 131 S. Ct. 2846, 2851 (2011) (quoting *Int'l Shoe Co. v.*

*Washington*, 326 U.S. 310, 317 (1945)).  Specific jurisdiction, by contrast, is claim specific and

"is present only if the plaintiff's cause of action arises out of a defendant's forum-related

activities, such that the defendant 'should reasonably anticipate being haled into court' in that

forum."  *Remnick*, 238 F.3d at 255 (quoting *Vetrotex Certainteed Corp. v. Consol. Fiber Glass*

*Prod. Co.*, 75 F.3d 141, 151 (3d Cir. 1996).

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the

plaintiff bears the burden of establishing that the court does have personal jurisdiction over the

defendant, at minimum for the specific claim in dispute.  *See Miller Yacht Salves, Inc. v. Smith*,

384 F.3d 93, 97 (3d Cir. 2004).  Where, as here, the Court resolves the jurisdictional issue in the

absence of an evidentiary hearing and without the benefit of discovery, the plaintiff need only

establish a prima facie case of personal jurisdiction.  *See Avocent Huntsville Corp. v. Aten Int'l*

*Co., Ltd.*, 552 F.3d 1324, 1328-29 (Fed. Cir.2008) (citations omitted).  The Court must "accept

the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts

in the affidavits in the plaintiff's favor." *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349

(Fed. Cir.2003) (citations omitted).  However, the plaintiff must establish "with reasonable

particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (E)*

*PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

## ANALYSIS

In its Motion to Dismiss, Bioglan attacks Glyco's Complaint on several grounds.  First,

Bioglan argues that this Court lacks personal jurisdiction over Bioglan.  Second, Bioglan

contends that Glyco failed to comply with Federal Rule of Civil Procedure 14 when it brought its

Complaint.  Third, Bioglan asserts that Glyco's Complaint fails to state a claim upon which relief

may be granted.  Because the Court finds that it lacks personal jurisdiction over Bioglan, the

Court will not reach Bioglan's other two arguments.

Glyco argues that this Court has both general and specific jurisdiction over Bioglan.

(Pl.'s Opp. to Mot. to Dismiss at 1, ECF No. 59).  The Supreme Court "fundamentally altered"

the analysis of general jurisdiction in *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014).  *Otsuka*

*Pharm. Co. v. Mylan Inc.*, No. 14-4508, 2015 WL 1305764, at *5 (D.N.J. Mar. 23, 2015).  The

Court raised the bar so that a corporation's contacts in a forum must be so "continuous and

systematic" that they render the corporation "essentially at home in the forum state" in order to

find general jurisdiction. *Daimler*, 134 S.Ct. at 761 (quoting *Goodyear Dunlop Tires*, 131 S.Ct.

at 2853).  Whether a corporation is "at home" principally depends on if it is incorporated in the

forum, or has its principal place of business there.  *See id.*  It is an "exceptional case" where

general jurisdiction may be exercised over a corporation that is not incorporated in the forum,

nor has its principal place of business in the forum.  *Id.* at 761 n.19.

Bioglan is not incorporated in New Jersey, nor does it have its principal place of business in New Jersey.  Glyco does not show that this is an "exceptional case," such that general jurisdiction exists despite these facts.  The jurisdictional facts Glyco asserts about Bioglan are:

1. For several years prior to the present cause of action, Bioglan designated a New Jersey company, Quinnova, as its U.S. agent for FDA purposes, and Bioglan regularly supplied medical devices to Quinnova in previous years.  (Pl.'s Opp. to Mot. to Dismiss at 9).
2. Bioglan kept Quinnova as its U.S. agent for FDA purposes for the registration of Glyco's wound gel.  (*Id.*).
3. Glyco informed Bioglan at some point that the wound gel would be distributed to Novotec in New Jersey.  (*Id.* at 10).
4. Bioglan failed to deliver the wound gel to New Jersey.  (*Id.* at 11).  However, Glyco does not plead or provide any evidence that Bioglan had agreed to deliver the wound gel to New Jersey.

Bioglan disputes many of these facts, including that it ever shipped products to New Jersey, or that it knew that Glyco had a customer in New Jersey.  (Björklund Decl. ¶¶ 4-5, 17, ECF No. 51-3).  However, assuming *arguendo* that the above facts are true, they do not show that Bioglan was "at home" in New Jersey.   Merely supplying goods to one company in New Jersey in previous years, and retaining that company as an FDA liaison is not enough to establish general jurisdiction.  *See Senju Pharm. Co. v. Metrics, Inc.*, 96 F. Supp. 3d 428, 441 (D.N.J. 2015) (holding that general jurisdiction was not established over a defendant that previously had a New Jersey address, litigated several cases in New Jersey, and received supplies from a New Jersey-based company); *Oliver v. Funai Corp., Inc.*, No. 14-04532, 2015 WL 9304541, at *8 (D.N.J. Dec. 21, 2015) (holding that general jurisdiction was not established over a defendant that had a handful of employees in New Jersey, and allegedly funneled their products through New Jersey).  Therefore, this Court does not have general jurisdiction over Bioglan.

Glyco also fails to establish that this Court has specific jurisdiction over Bioglan.  There are three requirements for specific jurisdiction over out-of-state defendants: (1) the defendant "purposefully directed" its activities towards the forum, (2) the litigation "arise[s] out of or

5

relate[s] to" one or more of these activities, and (3) the exercise of jurisdiction comports with traditional notions of "fair play and substantial justice."  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (citations omitted).  Glyco argues that Bioglan "clearly targeted the US market, including New Jersey because it was aware of the existence of a US customer for the product it was manufacturing for Glyco."  (Pl.'s Opp. to Mot. to Dismiss at 10-11).  This argument misunderstands what it means to "target" or "purposefully direct" activities at a forum. The "unilateral activity of those who claim some relationship with a nonresident defendant is insufficient" to satisfy the first prong of test for specific jurisdiction.  *O'Connor*, 496 F.3d at 317 (citation omitted).  Glyco's forming an agreement with Novotec does not create a relationship between Novotec and Bioglan.  Glyco does not claim that Bioglan marketed its products in New Jersey, or otherwise directed its own activities at New Jersey.  Simply knowing that Glyco found a U.S. customer does not reflect any purposeful behavior on Bioglan's part.

Glyco also argues that Bioglan's relationship with Quinnova, its agent for FDA purposes, shows that Bioglan purposefully directed its activities at New Jersey.  (Pl.'s Opp. to Mot. to Dismiss at 10).  However, the emails Glyco submitted regarding Quinnova do not support this argument.  Jim Haviland, who was apparently Bioglan's contact at Quinnova, said he informed Glyco that:

> The matter of the US Agent was a carry-over from several years ago when Quinnova Pharmaceuticals was their [Bioglan's] only US customer.  As you are aware, foreign manufacturers must have a US Agent.  It is an artifact of the US Laws and assures that FDA can reach out to a US citizen to assist in obtaining information should the site be non-responsive.  That being said, BioGlan [sic] appears to enjoy direct communications with FDA, and the Agency has had no cause to involve me.

(Pl.'s Ex. D at 2, ECF No. 60-1).  Mr. Haviland later told Glyco that his only communication with Bioglan in recent months had been to advise them on how to properly communicate with the FDA about an errant inspection assignment.  (Pl.'s Ex. C at 1, ECF No. 59-7).  These sorts of

6

extremely limited communications, unrelated to the present dispute, do not amount to "purposefully directed" activities giving rise to specific jurisdiction.

Additionally, exercising specific jurisdiction over Bioglan would not comport with "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316 (citation omitted). Several factors may be considered in this analysis, including the burden on the defendant, the plaintiff's interest in convenient and effective relief, and the forum state's interest in the dispute. *O'Connor*, 496 F.3d at 324. The burden on Bioglan is obviously very high. Bioglan is a Swedish company with no offices or employees in the U.S. (Björklund Decl. ¶ 2). On the second factor, it may be more convenient for Glyco to litigate its dispute with Bioglan as part of its litigation with Novotec, though Glyco has previously argued that New Jersey is not a convenient forum for it, since Glyco is entirely based in Canada. (Glyco's Mot. to Dismiss at 20, ECF No. 13-1). On the third factor, New Jersey has little interest in the dispute between Glyco and Bioglan, companies based in Canada and Sweden, over agreements that were drafted and executed in Canada and Sweden. (Björklund Decl. ¶¶ 9-13). Because two of the three required elements for specific jurisdiction are lacking, this Court lacks specific jurisdiction over Bioglan.

## CONCLUSION

For the reasons discussed above, Biolgan's Motion to Dismiss will be granted. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.